**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    Plaintiff,

       v.                            CR. NO. 97-245 (PG)

LUIS CARIBE-GARCIA [3],

    Defendant.

**OPINION AND ORDER**

**I. Background**

On October 30, 1997, Luis Caribe-Garcia ("Caribe" or "Defendant") was charged along with twelve other individuals in a ten-count criminal indictment, Criminal No. 97-245(PG). A superseding indictment was eventually filed on February 5, 1998. Caribe was charged in Count One of the superseding indictment with conspiracy to possess with intent to distribute multi-kilogram quantities of cocaine (in excess of 1,000 kilograms), heroin (in excess of five kilograms) and marihuana (in excess of 5,000 pounds) in violation of 21 U.S.C. §§ 841(a)(1) and 846. Trial commenced in September 1999 and Caribe was found guilty of the charges brought in Count One. At sentencing on December 15, 2000, the Court determined that Caribe had an adjusted offense level of 42 and a criminal history category of one. Caribe received a sentence of 420 months of imprisonment, a supervised release term of eight years, and a special monetary assessment of $100.00. Judgment was entered on the same date and Caribe and eight of his fellow defendants appealed their sentences and convictions on several grounds. On February 7, 2003, after addressing the issues raised, the Court of Appeals affirmed the judgment and the sentences as to Caribe and rejected each of his claims. Caribe then filed a petition for writ of certiorari to the United States Supreme Court which was denied. Thereafter, and on May 25, 2004, Caribe filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civil No. 04-1491(PG)), which was also denied and dismissed on May 17, 2005.

On March 8, 2010, Defendant, proceeding pro se, filed a motion for a writ of audita querela, pursuant to 28 U.S.C. § 1651 (Docket 954). Defendant alleges that his sentence is unconstitutional under United States v. Booker, 543 U.S.

CR. NO. 97-245 (PG)                                                        Page 2

220 (2005), and seeks to be re-sentenced according to the principles of that decision. See Docket No. 954-2 at pages 7-8.

**II. Legal Analysis**

Congress enacted 28 U.S.C. § 2255 "to provide a federal prisoner with an exclusive means of challenging the validity of his conviction or sentence … ." Trenkler v. United States, 536 F.3d 85, 96 (1st Cir.2008). In 1996, Congress enacted AEDPA, which "imposed significant new constraints on proceedings under section 2255," id., among them, a one-year statute of limitations for filing a section 2255 petition and a pre-clearance, in the form of a certificate, from the court of appeals by the federal prisoner who seeks to prosecute a second or successive section 2255 petition. Id. (citing 28 U.S.C. § 2255(f)).

The writ of audita querela is also available as a post-conviction form of relief authorized by the All Writs Act, 28 U.S.C. § 1651. See U.S. v. Rivera-Lebron, No. 00-131, 2009 WL 3157326, at *1 (D.P.R. September 29, 2009) (internal citations omitted). "A writ of audita querela is available to a defendant that seeks rehearing of a matter based on newly discovered evidence or a newly created legal defense." Id. The writ, "introduced during the reign of Edward III, is sometimes available to reopen a judgment when an important matter concerning a defendant's case has arisen since the entry of the judgment." Trenkler, 536 F.3d at 90 n. 2. The writ is said to attack not the judgment itself, but rather be "directed against further enforcement of the judgment." Id.

The writ of audita querela may be used to fill in gaps "in the post-conviction remedial scheme of 28 U.S.C. § 2255." Id. at 97. However, "[t]he strictures of section 2255 cannot be sidestepped by the simple expedient of resorting to some more exotic writ." Id. Therefore, "[i]f a federal prisoner's petition is cognizable under section 2255, a court should recharacterize the petition as requesting relief pursuant to said section and proceed accordingly." Rivera-Lebron, 2009 WL 3157326 at *2 (quotiong Trenkler, 536 F.3d at 98 ("courts regularly have recharacterized imaginatively captioned petitions to reflect that they derive their essence from section 2255 and, thus, must satisfy that section's gatekeeping provisions")).

The claim embodied in the petition filed by Caribe in the instant case is one cognizable in a section 2255 proceeding. See Trenkler, 536 F.3d at 98. However, the petition is filed over nine (9) years after the petitioner's conviction and almost five (5) years after an earlier section 2255 petition was

CR. NO. 97-245 (PG)                                                      Page 3

denied and dismissed. Moreover, the Defendant as failed to show that "the remedy by motion is inadequate or ineffective" as required by section 2255(h).

In the case at hand, no pre-clearance has been either sought or obtained from the Court of Appeals, thus, the petition is in essence an unauthorized second or successive habeas petition and is foreclosed on that basis. See Trenkler, 536 F.3d at 97 (quoting 28 U.S.C. § 2255(h); United States v. Barrett, 178 F.3d 34, 42-45 (1st Cir.1999)). "Given this reality, [this court] [has] only two choices: either dismiss the recharacterized petition or transfer it to [the court of appeals]." Trenkler, 536 F.3d at 98 (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir.1997)). Either way, Caribe's request cannot succeed. First of all, dismissal would end it inasmuch as the petition is a reiteration of Defendant's earlier § 2255 motion and is not premised on either newly discovered evidence or a new rule of constitutional law as required by section 2255(h). In addition, "given defendant's previous unsuccessful challenges to his sentence and the state of the law concerning sentencing guidelines, transferring this motion to the First Circuit Court Appeals would likely be "an exercise in futility."" Rivera-Lebron, 2009 WL 3157326 at *3 (quoting Trenkler, 536 F.3d at 98-99).

Pursuant to the foregoing, the Defendant's motion is **DENIED.**

**III. Conclusion**

For the reasons explained above, the motion for a writ of audita querela (Docket No. 954) is hereby **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, April 23, 2010.

                                          S/ JUAN M. PEREZ-GIMENEZ
                                          JUAN M. PEREZ-GIMENEZ
                                          U.S. DISTRICT JUDGE